```
Luis Dorn, Bar No. 5284
Lou.dorn@taogroup.com
Tao Group
3377 Las Vegas Boulevard South, Suite 2025
Las Vegas, Nevada 89109
Telephone: (702) 388-8338
Facsimile:  (702) 650-5191


Of Counsel:

Howard J. Shire
hshire@kenyon.com
Michael Kelly
mkelly@kenyon.com
KENYON & KENYON LLP
One Broadway
New York, NY 10004-1007
Telephone: 212.425.7200
Facsimile:   212.425.5288

Attorneys for Plaintiffs
Roof Deck Entertainment LLC and
10th Avenue Hospitality Group LLC
```

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ROOF DECK ENTERTAINMENT LLC and 10TH AVENUE HOSPITALITY GROUP LLC,<br><br>Plaintiffs,<br><br>v.<br><br>MARQUEE 15, LLC and BENJAMIN PAUL VALENTY<br><br>Defendants. | CASE NO.<br>2:12-cv-01270-JCM -CWH |

## CONSENT INJUNCTION

On consent of plaintiffs Roof Deck Entertainment LLC ("Roof Deck") and 10th Avenue Hospitality Group LLC ("10th Avenue") (collectively "Plaintiffs") and defendants Marquee 15, LLC and Benjamin Paul Valenty (collectively "Defendants"), the following injunction is hereby entered as follows:

1

1.    Defendants and their partners, officers, agents, servants and employees, successors and assigns, and all others in active concert or participation with any of them, and any new or unknown entity(s) formed or controlled by any of the Defendants (collectively, "Defendants"), shall be, 30 days following the date of this Order, permanently enjoined and restrained from all of the following:

    A.    Using "Marquee 15" (however spelled, whether capitalized, abbreviated, singular or plural, printed or stylized, whether used alone or in combination with any word or words, and whether used in caption, text, orally or otherwise), or any other reproduction, counterfeit, copy, colorable imitation or confusingly similar variation of "Marquee 15", including without limitation any term incorporating "Marquee" or a term similar to "Marquee", as a trade name, trademark, service mark, brand name, business or commercial designation, or as the name of any restaurant, bar, nightclub cocktail lounge, bar services, or in connection with the rendering of any entertainment services, such as parties, special events, dance and music events;

    B.    Using any other mark, term, slogan, tag line or phrase which suggests or tends to suggest in any way that Defendants and/or their activities or services originate from, are affiliated with, or are sponsored, authorized, approved or sanctioned by Plaintiffs, or that Plaintiffs or their services or activities are affiliated in any way with Defendants;

    C.    Operating, maintaining or using a website or domain name that incorporates the infringing "Marquee 15" name on the Internet, including without limitation the <www.marquee15.com> domain name and/or any domain name that incorporates the name "Marquee";

    D.    Using in connection with any goods or services, any false or deceptive designation, description or representation, whether by words or symbols, which suggests any relationship with Plaintiffs, or gives Defendants an unfair competitive advantage in the marketplace, or constitutes false advertising;

    E.    Engaging in any other acts of common law trademark infringement, unfair competition or misappropriation which would damage or injure Plaintiffs;

      F.    Inducing, encouraging, instigating, aiding, abetting, or contributing to any third-party usage of the "Marquee" or "Marquee 15" name in connection with Defendants' business.

2. Defendants shall destroy all materials, packaging, labels, tags, pamphlets, brochures, signs, sales literature, stationery, advertisements, contracts, billboards, banners, posters, documents and the like in the possession or under the control of Defendants and their affiliates, and all plates, molds, matrices, negatives, masters and other means of making the same, which might, if used, violate the Order herein granted.

3. Defendants are ordered to cancel or abandon any and all United States registrations or applications to register any trademarks, trade names, service marks, telephone listing, or other use of the infringing "Marquee 15" name, and/or any other colorable imitation of the "Marquee" name.

4. Each party will bear its own costs and attorneys' fees that have accrued from this dispute.

5. This court shall retain jurisdiction over the parties to enforce the foregoing terms of this Consent Injunction.

SO ORDERED.

Dated: October 12, 2012.

_____
UNITED STATES DISTRICT JUDGE

1  The undersigned counsel for the parties hereby consent to the form and entry of the foregoing
2  injunction:

4
5  Dated: 10/4/12                By: _____
                                  Luis Dorn, Bar No. 5284
6                                 Tao Group
                                  3377 Las Vegas Blvd South
7                                 Suite 2025
                                  Las Vegas, Nevada 891099

9                                 Of Counsel:

10                                Howard J. Shire
                                  Michael Kelly
11                                KENYON & KENYON LLP
                                  One Broadway
12                                New York, NY 10004-1007

13                                *Attorneys for Plaintiffs*
                                  *Roof Deck Entertainment LLC and*
14                                *10th Avenue Hospitality Group LLC*

15  Dated: 9/25/12                By: _____
                                  Rick Blake, Bar No. **CA 81452**
16                                RICK BLAKE & ASSOCIATES
                                  2107 N. Broadway
17                                Suite 106
                                  Santa Ana, CA 92706
18

19                                *Attorney for Defendants*
                                  *Marquee 15, LLC and Benjamin Paul Valenty*