1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

8
9
10
11
12
13
14

| ROOF DECK ENTERTAINMENT LLC, et al., | 2:12-CV-1270 JCM (CWH) |

ROOF DECK ENTERTAINMENT LLC, et al.,

                    Plaintiff(s),

v.

MARQUEE 15, LLC, et al.,

                    Defendant(s).

15

**ORDER**

16      Presently before the court is a motion for contempt filed by plaintiffs Roof Deck

17  Entertainment LLC and 10th Avenue Hospitality Group LLC. (Doc. # 24). Defendants M15 Concert

18  Bar and Grill, LLC and Benjamin Paul Valenty filed a response in opposition (doc. # 26) to which

19  plaintiffs replied (doc. # 31).

20  **I.**      **Background**

21      On October 12, 2012, the court approved a consent injunction which enjoined, *inter alia*, the

22  defendants and their partners, agents, or employees from using the name "Marquee 15" as the name

23  of any restaurant or bar, or in connection with the rendering of any entertainment services. (Doc. #

24  22). The injunction also provided that defendants were required to "destroy all materials, packaging,

25  labels, tags, pamphlets, brochures, signs, sales literature, stationery, advertisements, contracts,

26  billboards, banners, posters, documents, and the like . . . which might, if used, violate the [o]rder

27  herein granted." *Id*. All of the terms of this injunction took effect thirty days after its approval by the

28

James C. Mahan
U.S. District Judge

1    court. *Id.*

2          Plaintiffs allege that for at least ten months following the court's approval of the consent

3    injunction, defendants continued to openly use the "Marquee 15" name in online and print

4    advertisements, menus, and receipts. Plaintiffs additionally claim that defendants failed to take down

5    a prominent "Marquee 15" sign from defendants' nightclub.

6          Plaintiffs also contend that defendants have switched "Marquee 15" references on their

7    tickets as well as in their domain name and online advertising to "M15." Plaintiffs argue that "M15"

8    is colorably similar to "Marquee 15," and that these references also violate the injunction.

9          Defendants, without denying any of plaintiffs' factual allegations, argue that they have

10   "substantially complied" with the court's order by changing the official name of "Marquee 15, LLC"

11   to "M15 Concert Bar & Grill, LLC," and altering their web domain, Facebook profile, YouTube

12   channel, and Yelp profile to reflect the "M15" name. Defendants also state that they have now ceased

13   the use of any flyers containing references to "Marquee 15" and that they have "recently altered

14   menus and receipts used by the bar to reflect 'M15,' not 'Marquee 15.'" (Doc. # 26). Defendants also

15   indicate that they intend to replace the prominent "Marquee 15" sign on their nightclub when they

16   are "financially able to do so." *Id.*

17         Defendants claim that their efforts have "changed public awareness of [the defendants']

18   business" and that "the public no longer recognizes the business as "Marquee 15." Finally,

19   defendants argue that even if their conduct amounts to contempt, that plaintiffs do not demonstrate

20   any resulting damages or show a need for the court to force compliance with its order through

21   coercion.

22   **II.    Legal Standard**

23         It is well established that "courts have inherent power to enforce compliance with their lawful

24   orders through civil contempt," *Shillitani v. United States,* 384 U.S. 364, 370 (1966). A finding of

25   contempt is appropriate "[i]f a person disobeys a specific and definite court order." *In re Crystal*

26   *Palace Gambling Hall, Inc.*, 817 F.2d 1361, 1365 (9th Cir. 1987) *(*citing *Shuffler v. Heritage Bank,*

27   720 F.2d 1141, 1146 (9th Cir. 1983). However, a party can "escape contempt by demonstrating that

28

James C. Mahan
U.S. District Judge

- 2 -

1  he is unable to comply" with a district court's order. *Crystal Palace*, 817 F.2d at 1365 *(citing*

2  *Donovan v. Mazzola*, 716 F.2d 1226, 1240 (9th Cir. 1983)).

3  **III.    Discussion**

4        In this case, it is clear that defendants defied the injunction without justification. Defendants

5  do not deny that they continued to use the "Marquee 15" name in their advertisements, receipts,

6  menus, and on a prominent sign affixed to their establishment beyond the thirty-day grace-period

7  specified in the injunction. The injunction could not have been more clear that defendants were not

8  to use the name "in connection with the rendering of any entertainment services" and that they were

9  to destroy all "materials" using the name including "signs."

10        The court acknowledges that defendants took some steps to comply with the injunction, but

11  partial compliance with the injunction cannot justify such blatant violations. The court finds

12  defendants' assertion that they will correct their sign "when they have the financial means to do so"

13  quite puzzling, considering that it seems the change would only require the removal of "arquee" in

14  order to reflect the defendants' metamorphosis into "M15."[1]

15        Because this contempt relates to an underlying trademark infringement claim, the appropriate

16  measure of damages is "the [defendants'] profits to the extent they are attributable to the

17  infringement," *see Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc.*, 772 F.2d 505, 514 (9th Cir.

18  1985), in addition to costs and attorney fees. As such, the court will order a discovery period in

19  which to determine the amount of damages, to be followed by a hearing.

20        Accordingly,

21        IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiffs' motion for

22  contempt (doc. # 24) be, and the same hereby is, GRANTED.

23        IT IS FURTHER ORDERED that the parties in this case will have sixty (60) days from the

24  entry of this order to conduct discovery regarding defendants' profits attributable to the violations

25  of the injunction.

26

27        [1] The court does not agree with plaintiffs' contention that "M15" is colorably similar to "Marquee 15." Indeed,
it is the opinion of the court that this change very well complies with the consent injunction, so long as defendants apply

28  it to all of their advertisements, online accounts, materials, and signs.

**James C. Mahan**
**U.S. District Judge**                                          - 3 -

1    IT IS FURTHER ORDERED that the parties shall have seven (7) days following the closing

2    of the discovery period with which to file briefs of not more than ten (10) pages concerning the total

3    damages attributable to defendants' violation of the injunction. The parties shall then have seven (7)

4    days after the filing of opening briefs to file response briefs of not more than five (5) pages.

5    Thereafter, the court shall set a hearing regarding the issue of damages.

6    DATED January 16, 2014.

7

8    _____

     UNITED STATES DISTRICT JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**James C. Mahan**
**U.S. District Judge**

- 4 -